**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6168**

MICHAEL O. COOK,

             Plaintiff - Appellant,

        v.

ROBERT JONES, Warden; SGT. CASEY,

             Defendants – Appellees,

        and

G. SOLOMON; ROBERT C. LEWIS; S. COBBS,

             Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever, III, Chief District Judge. (5:12-ct-03219-D)

Submitted: June 22, 2015              Decided: July 9, 2015

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael O. Cook, Appellant Pro Se. Jodi Harrison, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael O. Cook appeals the district court's judgment granting summary judgment to the Appellees and dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 (2012). We review de novo an order granting summary judgment. Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014). Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish a claim under the Eight Amendment that prison officials did not protect him from harm caused by other inmates, Cook must show that the prison officials possessed "a sufficiently culpable state of mind," including deliberate indifference to inmate health or safety. Danser v. Stansberry, 772 F.3d 340, 346-47 (4th Cir. 2014) (internal quotation marks omitted). To meet the high standard of deliberate indifference, Cook must submit evidence "suggesting that the prison official had actual knowledge of an excessive risk" to his health or safety. Id. at 347. The prison official must be aware of facts from which the inference could be drawn that there was a substantial risk of harm to Cook, and "must also draw the inference." Id. (internal quotation marks omitted). Constructive notice is insufficient to show actual knowledge, Farmer v. Brennan, 511 U.S. 825, 840-42 (1994), nor is it enough that the prison official should have recognized a

2

substantial risk, <u>Parrish ex rel. Lee v. Cleveland</u>, 372 F.3d 294, 303 (4th Cir. 2004).  A showing that the prison official was merely negligent also falls short of establishing deliberate indifference.  <u>Danser</u>, 772 F.3d at 347.

We have reviewed the record and find no reversible error. Cook failed to submit evidence showing a genuine dispute regarding whether either of the Defendants had actual knowledge that other inmates posed an excessive risk to Cook's safety.  We also conclude that the district court did not abuse its discretion denying Cook's motion for appointment of counsel.  <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978).  Finally, Cook fails to show that he was denied any discoverable evidence or that the court abused its discretion denying his discovery requests.  <u>See</u> <u>Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.</u>, 748 F.3d 160, 172 (4th Cir.), <u>cert. denied</u>, 135 S. Ct. 437 (2014) (stating standard of review).

Accordingly, we affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3